66 F.3d 306
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Angel Luis FIGUEROA, Plaintiff, Appellant,
v.
U.S. DRUG ENFORCEMENT ADMINISTRATION, et al., Defendants, Appellees.
 No. 93-1059.
 United States Court of Appeals, First Circuit.
 Oct. 12, 1993.
 
 Angel Luis Figueroa on brief pro se.
 A. John Pappalardo, United States Attorney, and Suzanne E. Durrell, Assistant United States Attorney, on Memorandum in Support of Motion for Summary Disposition, for appellees.
 Before SELYA, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 This case is an example of the adage that haste makes waste. Angel Luis Figueroa ("Figueroa") brought a suit under 42 U.S.C. Sec. 1983 against the Drug Enforcement Administration (DEA) and two of its special agents, alleging that the individual defendants knowingly relied on false information in affidavits used to obtain forfeitures of funds belonging to Figueroa. In granting IFP status to Figueroa, the district court noted that although the action was brought pursuant to section 1983, "it must be construed as a Bivens-type action ... because the defendants are federal, not state, agents" (citing to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)).
 
 
 2
 The government then moved for judgment on the pleadings or for summary judgment, urging as its first ground for dismissal that the DEA agents were not alleged to have acted under state law so that no claim had been stated. The district court allowed the motion for judgment on the pleadings, noting in the margin order that " Sec. 1983 does not apply to D.E.A. Agents" and citing precedent to that effect. A motion for leave to amend, admittedly not mentioning Bivens but referring to the jurisdictional statute for asserting a Bivens claim, was denied. On appeal by Figueroa, the government offers other defenses.
 
 
 3
 There is no way to avoid a remand. The district court may well have been misled by the government's motion; but having told Figueroa that his claim would be construed as a Bivens action, the district court could not then dismiss on the ground that Figueroa had called it a section 1983 action in the complaint. If the district court wanted a formal amendment, it could have insisted on that, but an outright dismissal in this situation without leave to amend will not wash.
 
 
 4
 The government appears to be correct that the action against the DEA itself is a suit against the United States, no waiver of sovereign immunity has been shown, and accordingly the dismissal as to it can be affirmed on that ground. But despite the government's claims to the contrary, sovereign immunity does not appear to shield the agents in their personal capacities, see, e.g., Butz v. Economou, 438 U.S. 478, 501 (1978) (Bivens actions would be "drained of meaning if federal officials were entitled to absolute immunity for their constitutional transgressions") (internal quotation omitted), nor is it likely that qualified immunity would do so if the agents were engaged in fraud or knowing falsehood, see, e.g., Malley v. Briggs, 475 U.S. 335, 341 (1986) (qualified immunity does not protect "those who knowingly violate the law"). Of course, we have no reason to think that they were so engaged--Figueroa's complaint and sparse subsequent filings are utterly devoid of detail--but the complaint's allegations must be taken as true for the limited purpose of this appeal.
 
 
 5
 The government's remaining alternative ground is res judicata, based on Figueroa's failure to pursue his present objections in the forfeiture proceedings. If we were dealing with clear law and clear facts we would give serious attention to this issue in order possibly to avoid further proceedings in a busy district court. But we know relatively little about the details of the forfeiture proceeding or Figueroa's role in it, and in rem forfeitures are a peculiar legal animal whose res judicata implications are more difficult to determine without a better record. See generally Restatement (Second) of Judgments Secs. 22, 30 (1982).
 
 
 6
 Accordingly, we affirm the judgment in dismissing the complaint against the DEA and vacate the dismissal as to the named agents in their individual capacities and remand the case against them to the district court for further proceedings consistent with this opinion.
 
 
 7
 It is so ordered.